## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DRYBAR HOLDINGS, LLC,** | ) | **No.** |
| a Delaware LLC | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ROSEMARIE DEANTONA,** | ) | |
| d/b/a R/DRYBAR | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

_____

## COMPLAINT FOR TRADEMARK INFRINGEMENT,
## UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Drybar Holdings, LLC ("Drybar"), by and through its undersigned counsel, for its Complaint against Defendant, Rosemarie DeAntona d/b/a R/Drybar ("DeAntona") alleges as follows:

### THE PARTIES

1.      Plaintiff is a Delaware Limited Liability Company with its principal place of business at 901 Main Street, Suite 6215, Dallas, Texas, 75202.

2.      Upon information and belief, Defendant is an unincorporated entity with a principal place of business at 203 Greenwood Ave., Clarks Summit, Pennsylvania, 18411.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1338(a) and (b) because this action arises under the Lanham Act (15 U.S.C. §§1051-1127); and 28 U.S.C. §1367 (supplemental jurisdiction).

4.      Upon information and belief, this Court has personal jurisdiction over the Defendant because it is located within the Middle District of Pennsylvania, and it conducts business within the Middle District of Pennsylvania.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Defendant transacts business and/or maintains an office or business location, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this District.

## FACTS

6.      Plaintiff Drybar is the owner of a well-known line of salons and hair products that are branded under various registered and unregistered trademarks, one such trademark is DRYBAR.

7.      Drybar gained national attention after it opened its first location in the Brentwood area of Los Angeles in February 2010.  Drybar's concept was simple but unique.  It offered a streamlined hair salon experience where customers could receive expert shampooing, blow drying, and styling - but not the cutting or coloring offered by traditional salons.  A bar motif was integrated throughout, as customers were invited to

sit on barstools and choose from a "menu" of hairstyles with names like "Manhattan" and "Shirley Temple."

8.     Drybar's less-is-more salon concept took off.   Drybar opened five new locations within its first year and has grown to 40 locations in California, New York City, Texas, Georgia, Arizona, Illinois, Massachusetts and Washington DC.

9.     Drybar has been featured in various premier national television shows, publications and blogs, including The Today Show, Good Morning America, The New York Times, People, Vanity Fair, Bloomberg Businessweek, USA Today, Elle, Forbes, Wall Street Journal, Marie Claire, and Gwyneth Paltrow's blog, Goop.   Drybar's media impressions in 2012 exceed 4,200,000,000. Drybar's celebrity following includes Cindy Crawford, Katie Couric, Renee Zellweger, Zooey Deschanel, Emma Roberts, Jennie Garth and Rose McGowan.

10.     The DRYBAR mark is featured prominently in Drybar's salon signage and storefronts, on the company's website, at www.thedrybar.com, on gift bags, t-shirts, gift coasters, gift certificates, product packaging, and social networking profiles pictures.

11.     Plaintiff Drybar has adopted various registered and unregistered trademarks (hereinafter, the "Drybar Marks" or "Plaintiff's Drybar Marks") in order to create brand identity, foster goodwill, and set its goods and services apart from those of others.   Such trademarks directly relevant to this matter include, but are not limited to:

    a.   DRYBAR®

    b.   SOUTHERN COMFORT™

    c.   THE COSMO™ / COSMOPOLITAN™

    d.  MANHATTAN®

    e.  STRAIGHT UP®

    f.  SHIRLEY TEMPLE™

    g.  NO CUTS. NO COLOR. JUST BLOWOUTS.®

**DEFENDANT'S INFRINGING CONDUCT**

12.    Defendant commenced operation of a salon using a confusingly similar name "RDrybar" or ("R|Drybar" or "R/Drybar") offering blowout services in October 2013, and Defendant also began selling RDrybar branded hair care products sometime thereafter.

13.    In addition, Defendant has used the following Plaintiff's Drybar Marks as names for the blowout styles it offers: SOUTHERN COMFORT™, COSMOPOLITAN™, MANHATTAN®, STRAIGHT UP®, and SHIRLEY TEMPLE™.

14.    Further, Defendant has used identical and confusingly similar variations of Plaintiff Drybar's registered trademark NO CUTS. NO COLOR. JUST BLOWOUTS.®

15.    Defendant's use of the multiplicity of Plaintiff Drybar's trademarks and servicemarks listed above creates an inference that Defendant, with actual knowledge, acted in bad faith, intending to cause consumer confusion and trade on Drybar's established goodwill and reputation.

16.    It is not a coincidence that Defendant copied or imitated several of Plaintiff's trademarks and servicemarks.

17.     The copying / imitating of several marks of Plaintiff, by Defendant, indicates knowing, willful, intentional, infringing conduct on behalf of the Defendant.

18.      Drybar has demanded that Defendant cease and desist from unlawfully appropriating the Drybar Marks.

19.     Notwithstanding Plaintiff's demands that Defendant cease and desist from its infringement, Defendant willfully, intentionally and maliciously, and in conscious disregard for Plaintiff's rights, and only in furtherance of Defendant's pecuniary interest, continues to offer and sell blowout salon services and hair care products utilizing Plaintiff's Drybar Marks.

**COUNT I**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,043,735 for the mark DRYBAR**

20.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-19, inclusive of this Complaint.

21.     Continuously, since at least as early as 2009, Plaintiff has used in commerce the DRYBAR mark in connection with hair salon services.  Exhibit "1" is an example of Plaintiff's DRYBAR mark used in connection with hair salon services.

22.     Drybar owns U.S. Trademark Registration No. 4,043,735 for the mark DRYBAR.

23.     A true and correct copy of the registration for U.S. Trademark Reg. No. 4,043,735 is attached hereto as Exhibit "2."

24.     Drybar's U.S. Trademark Registration No. 4,043,735 for the mark DRYBAR entitles it to a presumption of ownership, validity and exclusive rights to use

the DRYBAR mark in connection with the services named in the registration, namely hair salon services.

25.    Plaintiff Drybar has obtained common law trademark rights for the DRYBAR mark as used in connection with hair salon services.

26.    As a result of the longstanding continuing use of the DRYBAR mark by Plaintiff, to identify its goods and services, the DRYBAR mark has come to symbolize the high quality of hair salon services to the consuming public.

27.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair salon services marketed and sold under the DRYBAR mark.

28.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the DRYBAR mark in connection with the offering of hair salon services with full knowledge of the long and extensive prior use of the DRYBAR mark by Plaintiff Drybar.   Exhibit "3" is one example of Defendant's unauthorized use of Plaintiff's DRYBAR mark in connection with salon services.

29.    Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered DRYBAR mark for hair salon services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

30.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

31.     Plaintiff Drybar has no adequate remedy at law.

**COUNT II**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,354,273 for the mark DRYBAR**

32.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-31, inclusive of this Complaint.

33.     Continuously, since at least as early as January 2013, Plaintiff has used in commerce the DRYBAR mark in connection with hair shampoos, conditioners, and hair sprays.  Exhibit "4" is an example of Plaintiff's DRYBAR mark used in connection with hair shampoos, conditioners, and hair sprays.

34.     Drybar owns U.S. Trademark Registration No. 4,354,273 for the mark DRYBAR in connection with hair shampoos, conditioners, and hair sprays.

35.     A true and correct copy of the registration for U.S. Trademark Reg. No. 4,354,273 is attached hereto as Exhibit "5."

36.     Drybar's U.S. Trademark Registration No. 4,354,273 for the mark DRYBAR entitles it to a presumption of ownership, validity and exclusive rights to use the DRYBAR mark in connection with the goods named in the registration, namely hair shampoos, conditioners, and hair sprays.

37.     Drybar's U.S. Trademark Registration No. 4,354,273 for the mark DRYBAR was filed on 2/24/2010 under section 1(b) of the Trademark Act, and is therefore entitled to the priority date of 2/24/2010.

38.     Plaintiff Drybar has obtained common law trademark rights for the DRYBAR mark as used in connection with the goods named in the registration, namely hair shampoos, conditioners, and hair sprays.

39.     As a result of the longstanding continuing use of the DRYBAR mark by Plaintiff, to identify its goods and services, the DRYBAR mark has come to symbolize the high quality of cosmetic hair products to the consuming public.

40.     Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in cosmetic hair products marketed and sold under the DRYBAR mark.

41.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the DRYBAR mark in connection with the offering of cosmetic hair products with full knowledge of the long and extensive prior use of the DRYBAR mark by Plaintiff Drybar.   Exhibit "6" is one example of Defendant's unauthorized use of Plaintiff's DRYBAR mark in connection with cosmetic hair products.

42.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for cosmetic hair products infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

43.     Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

44.     Plaintiff Drybar has no adequate remedy at law.

**COUNT III**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,442,715 for the mark DRYBAR**

45.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-44, inclusive of this Complaint.

46.     Continuously, since at least as early as December 2012, Plaintiff has used in commerce the DRYBAR mark in connection with flat irons, curling irons, electric hair dryers, and hair brushes.  Exhibit "7" is an example of Plaintiff's DRYBAR mark used in connection with flat irons, curling irons, electric hair dryers, and hair brushes.

47.     Drybar owns U.S. Trademark Registration No. 4,442,715 for the mark DRYBAR in connection with flat irons, curling irons, electric hair dryers, and hair brushes.

48.     A true and correct copy of the registration for U.S. Trademark Reg. No. 4,442,715 is attached hereto as Exhibit "8."

49.     Drybar's U.S. Trademark Registration No. 4,442,715 for the mark DRYBAR entitles it to a presumption of ownership, validity and exclusive rights to use the DRYBAR mark in connection with the goods named in the registration, namely flat irons, curling irons, electric hair dryers, and hair brushes.

50.     Plaintiff Drybar has obtained common law trademark rights for the DRYBAR mark as used in connection with the goods named in the registration, namely flat irons, curling irons, electric hair dryers, and hair brushes.

9

51.     As a result of the longstanding continuing use of the DRYBAR mark by Plaintiff, to identify its goods and services, the DRYBAR mark has come to symbolize the high quality of hair salon products and services to the consuming public.

52.     Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair salon products and services marketed and sold under the DRYBAR mark.

53.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the DRYBAR mark in connection with the offering of hair salon products with full knowledge of the long and extensive prior use of the DRYBAR mark by Plaintiff Drybar.   Exhibit "6" is one example of Defendant's unauthorized use of Plaintiff's DRYBAR mark in connection with hair salon products.

54.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for hair salon products infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

55.     Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

56.     Plaintiff Drybar has no adequate remedy at law.

**COUNT IV**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,423,969 for the Mark DRYBAR and Design**

57.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-56, inclusive of this Complaint.

58.     Continuously, since at least as early as June 2009, Plaintiff has used in commerce the DRYBAR and Design mark in connection with hair and beauty salon services.  Exhibit "9" is an example of Plaintiff's DRYBAR and Design mark used in connection with hair and beauty salon services.

59.     Drybar owns U.S. Trademark Registration No. 4,423,969 for the DRYBAR and Design mark.

60.     A true and correct copy of the registration for U.S. Trademark Reg. No. 4,423,969 is attached hereto as Exhibit "10."

61.     Drybar's U.S. Trademark Registration No. 4,423,969 for the mark DRYBAR and Design entitles it to a presumption of ownership, validity and exclusive rights to use the DRYBAR and Design mark in connection with the services named in the registration, namely hair and beauty salon services.

62.     Plaintiff Drybar has obtained common law trademark rights for the DRYBAR and Design mark as used in connection with hair and beauty salon services.

63.     As a result of the longstanding continuing use of the DRYBAR and Design mark by Plaintiff, to identify its goods and services, the DRYBAR and Design mark has come to symbolize the high quality of hair and beauty salon services to the consuming public.

64.     Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair and beauty salon services marketed and sold under the DRYBAR and Design mark.

65.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the DRYBAR and Design mark in connection with the offering of hair and beauty salon services with full knowledge of the long and extensive prior use of the DRYBAR and Design mark by Plaintiff Drybar.   Exhibit "11" is one example of Defendant's unauthorized use of Plaintiff's DRYBAR and Design mark in connection with the hair and beauty salon services.

66.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered DRYBAR and Design mark for hair and beauty salon services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

67.     Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

68.     Plaintiff Drybar has no adequate remedy at law.

## COUNT V
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition False Designation of Origin, False Description and False Representation) DRYBAR

69.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-68, inclusive of this Complaint.

70.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the DRYBAR mark in connection with Defendant's offering and sale of salon products and services with full knowledge of the long and extensive prior use of the DRYBAR mark by Drybar or its predecessors in interest.

71.     Defendant's actions constitute a false designation of origin, a false description of Drybar's goods and services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

72.     Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

73.     Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

74.     Plaintiff Drybar has no adequate remedy at law.

## COUNT VI
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition False Designation of Origin, False Description and False Representation) DRYBAR and Design

75.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-74, inclusive of this Complaint.

76.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the DRYBAR and Design mark in connection with Defendant's offering and sale of salon products and services with full knowledge of the long and extensive prior use of the DRYBAR and Design mark by Drybar or its predecessors in interest.

77.     Defendant's actions constitute a false designation of origin, a false description of Drybar's goods and services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

78.     Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

80.     Plaintiff Drybar has no adequate remedy at law.

**COUNT VII**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,279,933 for the mark MANHATTAN**

81.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-80, inclusive of this Complaint.

82.     Continuously, since at least as early as February 2010, Plaintiff has used in commerce the MANHATTAN mark in connection with hair styling services.  Exhibit "12" is an example of Plaintiff's MANHATTAN mark used in connection with hair styling services.

83.     Drybar owns U.S. Trademark Registration No. 4,279,933 for the mark MANHATTAN.

84.     A true and correct copy of the registration for U.S. Trademark Reg. No. 4,279,933 is attached hereto as Exhibit "13."

85.     Drybar's U.S. Trademark Registration No. 4,279,933 for the mark MANHATTAN entitles it to a presumption of ownership, validity and exclusive rights to use the MANHATTAN mark in connection with the services named in the registration, namely hair styling services.

86.     Plaintiff Drybar has obtained common law trademark rights for the MANHATTAN mark as used in connection with hair styling services.

87.     As a result of the longstanding continuing use of the MANHATTAN mark by Plaintiff to identify its goods and services, the MANHATTAN mark has come to symbolize the high quality of hair styling services to the consuming public.

88.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the MANHATTAN mark.

89.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the MANHATTAN mark in connection with the offering of hair styling services with full knowledge of the long and extensive prior use of the MANHATTAN mark by Plaintiff Drybar.  Exhibit "14" is one example of Defendant's unauthorized use of Plaintiff's MANHATTAN mark in connection with hair styling services.

90.    Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for hair styling services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

91.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

92.    Plaintiff Drybar has no adequate remedy at law.

**COUNT VIII**
**Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False**
**Designation of Origin, False Description and False Representation) MANHATTAN**

93.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-92, inclusive of this Complaint.

94.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the MANHATTAN mark in connection with Defendant's offering and sale of services with full knowledge of the long and extensive prior use of the MANHATTAN mark by Drybar or its predecessors in interest.

95.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

96.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

97.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

98.    Plaintiff Drybar has no adequate remedy at law.

**COUNT IX**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,279,932 for the mark STRAIGHT UP**

99.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-98, inclusive of this Complaint.

100.   Continuously, since at least as early as February 2010, Plaintiff has used in commerce the STRAIGHT UP mark in connection with hair styling services.   Exhibit "15" is an example of Plaintiff's STRAIGHT UP mark used in connection with hair salon services.

101.   Drybar owns U.S. Trademark Registration No. 4,279,932 for the mark STRAIGHT UP.

102.   A true and correct copy of the registration for U.S. Trademark Reg. No. 4,279,932 is attached hereto as Exhibit "16."

103.   Drybar's U.S. Trademark Registration No. 4,279,932 for the mark STRAIGHT UP entitles it to a presumption of ownership, validity and exclusive rights to use the STRAIGHT UP mark in connection with the services named in the registration, namely hair styling services.

104.   Plaintiff Drybar has obtained common law trademark rights for the STRAIGHT UP mark as used in connection with hair styling services.

105.   As a result of the longstanding continuing use of the STRAIGHT UP mark by Plaintiff to identify its goods and services, the STRAIGHT UP mark has come to symbolize the high quality of hair styling services to the consuming public.

106.   Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the STRAIGHT UP mark.

107.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the STRAIGHT UP mark in connection with the offering of hair styling

services with full knowledge of the long and extensive prior use of the STRAIGHT UP mark by Plaintiff Drybar.  Exhibit "14" is one example of Defendant's unauthorized use of Plaintiff's STRAIGHT UP mark in connection with hair styling services.

108.   Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for hair styling services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

109.   Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

110.   Plaintiff Drybar has no adequate remedy at law.

## COUNT X
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) STRAIGHT UP

111.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-110, inclusive of this Complaint.

112.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the STRAIGHT UP mark in connection with Defendant's offering and sale of services with full knowledge of the long and extensive prior use of the STRAIGHT UP mark by Drybar or its predecessors in interest.

113.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

114.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

115.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

116.    Plaintiff Drybar has no adequate remedy at law.

**COUNT XI**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 3,856,546 for the mark NO CUTS. NO COLOR. JUST**
**BLOWOUTS.**

117.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-116, inclusive of this Complaint.

118.    Continuously, since at least as early as February 2010, Plaintiff has used in commerce the NO CUTS. NO COLOR. JUST BLOWOUTS mark in connection with hair styling services.  Exhibit "17" is an example of Plaintiff's NO CUTS. NO COLOR. JUST BLOWOUTS. mark used in connection with hair styling services.

119.    Drybar owns U.S. Trademark Registration No. 3,856,546 for the mark NO CUTS. NO COLOR. JUST BLOWOUTS.

120.   A true and correct copy of the registration for U.S. Trademark Reg. No. 3,856,546 is attached hereto as Exhibit "18."

121.   Drybar's U.S. Trademark Registration No. 3,856,546 for the mark NO CUTS. NO COLOR. JUST BLOWOUTS entitles it to a presumption of ownership, validity and exclusive rights to use the NO CUTS. NO COLOR. JUST BLOWOUTS. mark in connection with the services named in the registration, namely hair styling services.

122.   Plaintiff Drybar has obtained common law trademark rights for the NO CUTS. NO COLOR. JUST BLOWOUTS. mark as used in connection with hair styling services.

123.   As a result of the longstanding continuing use of the NO CUTS. NO COLOR. JUST BLOWOUTS. mark by Plaintiff, to identify its goods and services, the NO CUTS. NO COLOR. JUST BLOWOUTS. mark has come to symbolize the high quality of hair styling services to the consuming public.

124.   Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the NO CUTS. NO COLOR. JUST BLOWOUTS. mark.

125.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the NO CUTS. NO COLOR. JUST BLOWOUTS. mark in connection with the offering of hair styling services with full knowledge of the long and extensive prior use of the NO CUTS. NO COLOR. JUST BLOWOUTS. mark by Plaintiff Drybar.

Exhibit "19" is one example of Defendant's unauthorized use of Plaintiff's NO CUTS. NO COLOR. JUST BLOWOUTS. mark in connection with hair styling services.

126.     Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for hair styling services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

127.     Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

128.     Plaintiff Drybar has no adequate remedy at law.

**COUNT XII**
**Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) NO CUTS. NO COLOR. JUST BLOWOUTS.**

129.     Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-128, inclusive of this Complaint.

130.     Defendant has used and is using a copy, variation, simulation or colorable imitation of the NO CUTS. NO COLOR. JUST BLOWOUTS. mark in connection with Defendant's offering and sale of styling services with full knowledge of the long and extensive prior use of the NO CUTS. NO COLOR. JUST BLOWOUTS. mark by Drybar or its predecessors in interest.

131.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

132.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

133.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

134.    Plaintiff Drybar has no adequate remedy at law.

## COUNT XIII
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) SOUTHERN COMFORT

135.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-134, inclusive of this Complaint.

136.    Continuously, long prior to Defendant, Plaintiff has used in commerce the SOUTHERN COMFORT mark in connection with hair styling services.  Exhibit "20" is an example of Plaintiff's SOUTHERN COMFORT mark used in connection with hair styling services.

137.    Plaintiff Drybar has obtained common law trademark rights for the SOUTHERN COMFORT mark as used in connection with hair styling services.

138.    As a result of the longstanding continuing use of the SOUTHERN COMFORT mark by Plaintiff to identify its goods and services, the SOUTHERN

COMFORT mark has come to symbolize the high quality of hair styling services to the consuming public.

139.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the SOUTHERN COMFORT mark.

140.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the SOUTHERN COMFORT mark in connection with the offering of hair styling services with full knowledge of the long and extensive prior use of the SOUTHERN COMFORT mark by Plaintiff Drybar.   Exhibit "14" is one example of Defendant's unauthorized use of Plaintiff's SOUTHERN COMFORT mark in connection with hair styling services.

141.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Drybar.

142.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

143.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

144.    Plaintiff Drybar has no adequate remedy at law.

**COUNT XIV**
**Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) THE COSMO and/or COSMOPOLITAN**

145.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-144, inclusive of this Complaint.

146.    Continuously, long prior to Defendant, Plaintiff has used in commerce the THE COSMO and/or COSMOPOLITAN marks in connection with hair styling services. Exhibit "20" is an example of Plaintiff's THE COSMO and/or COSMOPOLITAN marks used in connection with hair salon services.

147.    Plaintiff Drybar has obtained common law trademark rights for the THE COSMO and/or COSMOPOLITAN marks as used in connection with hair styling services.

148.    As a result of the longstanding continuing use of the THE COSMO and/or COSMOPOLITAN marks by Plaintiff, to identify its goods and services, the THE COSMO and/or COSMOPOLITAN marks have come to symbolize the high quality of hair styling services to the consuming public.

149.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the THE COSMO and/or COSMOPOLITAN marks.

150.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the THE COSMO and/or COSMOPOLITAN marks in connection with the offering of hair styling services with full knowledge of the long and extensive prior use

of the THE COSMO and/or COSMOPOLITAN marks by Plaintiff Drybar. Exhibit "14" is one example of Defendant's unauthorized use of Plaintiff's THE COSMO and/or COSMOPOLITAN marks in connection with hair styling services.

151.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

152.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

153.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

154.    Plaintiff Drybar has no adequate remedy at law.

**COUNT XV**
**Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) SHIRLEY TEMPLE**

155.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-154, inclusive of this Complaint.

156.    Continuously, long prior to Defendant, Plaintiff has used in commerce the SHIRLEY TEMPLE mark in connection with hair styling services. Exhibit "22" is an example of Plaintiff's SHIRLEY TEMPLE mark used in connection with hair styling services.

157.   Plaintiff Drybar has obtained common law trademark rights for the SHIRLEY TEMPLE mark as used in connection with hair styling services.

158.   As a result of the longstanding continuing use of the SHIRLEY TEMPLE mark by Plaintiff to identify its goods and services, the SHIRLEY TEMPLE mark has come to symbolize the high quality of hair styling services to the consuming public.

159.   Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the SHIRLEY TEMPLE mark.

160.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the SHIRLEY TEMPLE mark in connection with the offering of hair styling services with full knowledge of the long and extensive prior use of the SHIRLEY TEMPLE mark by Plaintiff Drybar.   Exhibit "14" is one example of Defendant's unauthorized use of Plaintiff's SHIRLEY TEMPLE mark in connection with hair salon services.

161.   Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with, Plaintiff Drybar.

162.   Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

163.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

164.    Plaintiff Drybar has no adequate remedy at law.

**COUNT XVI**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 3,856,768 for the Hair Dryer and Cord Design (Version 1)**
**Mark**

165.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-164, inclusive of this Complaint.

166.    Continuously, since at least as early as June 2009, Plaintiff has used in commerce the Hair Dryer and Cord Design (Version 1) Mark in connection with hair styling services.  Exhibit "1" and Exhibit "4" are examples of Plaintiff's Hair Dryer and Cord Design (Version 1) Mark used in connection with beauty salon services, hair salon services, hair styling, hairdressing salons.

167.    Drybar owns U.S. Trademark Registration No. 3,856,768 for the Hair Dryer and Cord Design (Version 1) Mark.

168.    A true and correct copy of the registration for U.S. Trademark Reg. No. 3,856,768 is attached hereto as Exhibit "23."

169.    Drybar's U.S. Trademark Registration No. 3,856,768 for the Hair Dryer and Cord Design (Version 1) Mark entitles it to a presumption of ownership, validity and exclusive rights to use the Hair Dryer and Cord Design (Version 1) Mark in connection with the services named in the registration.

170.    Plaintiff Drybar has obtained common law trademark rights for the Hair Dryer and Cord Design (Version 1) Mark as used in connection with hair salon services.

171.    As a result of the longstanding continuing use of the Hair Dryer and Cord Design (Version 1) Mark by Plaintiff to identify its goods and services, the Hair Dryer and Cord Design (Version 1) Mark has come to symbolize the high quality of hair salon services to the consuming public.

172.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the Hair Dryer and Cord Design (Version 1) Mark.

173.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the Hair Dryer and Cord Design (Version 1) Mark in connection with the offering of hair salon services with full knowledge of the long and extensive prior use of the Hair Dryer and Cord Design (Version 1) Mark by Plaintiff Drybar.   Exhibit "3," Exhibit "6" and Exhibit "11" are examples of Defendant's unauthorized use of Plaintiff's Hair Dryer and Cord Design (Version 1) Mark in connection with hair salon services.

174.    Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for hair styling products and services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

175.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

176.    Plaintiff Drybar has no adequate remedy at law.

## COUNT XVII
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) Hair Dryer and Cord Design (Version 1) Mark

177.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-176, inclusive of this Complaint.

178.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the Hair Dryer and Cord Design (Version 1) mark in connection with Defendant's offering and sale of products and services with full knowledge of the long and extensive prior use of the Hair Dryer and Cord Design (Version 1) mark by Drybar or its predecessors in interest.

179.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's goods and services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

180.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

181.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

182.    Plaintiff Drybar has no adequate remedy at law.

**COUNT XVIII**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,423,968 for the mark Hair Dryer and Cord Design**
**(Version 2) Mark**

183.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-182, inclusive of this Complaint.

184.    Continuously, since at least as early as June 2009, Plaintiff has used in commerce the Hair Dryer and Cord Design (Version 2) Mark in connection with hair styling services.  Exhibit "12" and Exhibit "13" are examples of Plaintiff's Hair Dryer and Cord Design (Version 2) Mark used in connection with beauty salon services, hair salon services, hair styling, hairdressing salons.

185.    Drybar owns U.S. Trademark Registration No. 4,423,968 for the Hair Dryer and Cord Design (Version 2) Mark.

186.    A true and correct copy of the registration for U.S. Trademark Reg. No. 4,423,968 is attached hereto as Exhibit "24."

187.    Drybar's U.S. Trademark Registration No. 4,423,968 for the Hair Dryer and Cord Design (Version 2) Mark entitles it to a presumption of ownership, validity and exclusive rights to use the Hair Dryer and Cord Design (Version 2) Mark in connection with the services named in the registration.

188.    Plaintiff Drybar has obtained common law trademark rights for the Hair Dryer and Cord Design (Version 2) Mark as used in connection with hair salon services.

189.    As a result of the longstanding continuing use of the Hair Dryer and Cord Design (Version 2) Mark by Plaintiff to identify its goods and services, the Hair Dryer and Cord Design (Version 2) Mark has come to symbolize the high quality of hair salon services to the consuming public.

190.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling services marketed and sold under the Hair Dryer and Cord Design (Version 2) Mark.

191.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the Hair Dryer and Cord Design (Version 2) Mark in connection with the offering of hair salon services with full knowledge of the long and extensive prior use of the Hair Dryer and Cord Design (Version 2) Mark by Plaintiff Drybar.   Exhibit "3," Exhibit "6" and Exhibit "11" are examples of Defendant's unauthorized use of Plaintiff's Hair Dryer and Cord Design (Version 2) Mark in connection with hair salon services.

192.    Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark for hair styling products and services infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

193.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

194.    Plaintiff Drybar has no adequate remedy at law.

### COUNT XIX
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) Hair Dryer and Cord Design (Version 2) Mark

195.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-194, inclusive of this Complaint.

196.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the Hair Dryer and Cord Design (Version 2) mark in connection with Defendant's offering and sale of products and services with full knowledge of the long and extensive prior use of the Hair Dryer and Cord Design (Version 2) mark by Drybar or its predecessors in interest.

197.    Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's goods and services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

198.    Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

199. Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

200. Plaintiff Drybar has no adequate remedy at law.

**COUNT XX**
**Violation of Lanham Act, 15 U.S.C. § 1114(1);**
**U.S. Trademark Reg. No. 4,562,894 for the mark MONEY TO BLOW and Hair Dryer Design Mark**

201. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-200, inclusive of this Complaint.

202. Continuously, since at least as early as February 2010, Plaintiff has used in commerce the MONEY TO BLOW and Hair Dryer Design Mark on gift cards for its hair styling products and services. Exhibit "25" is an example of Plaintiff's MONEY TO BLOW and Hair Dryer Design Mark used in connection with its hair salon products and services.

203. Drybar owns U.S. Trademark Registration No. 4,562,894 for the mark MONEY TO BLOW and Hair Dryer Design Mark.

204. A true and correct copy of the registration for U.S. Trademark Reg. No. 4,562,894 is attached hereto as Exhibit "26."

205. Drybar's U.S. Trademark Registration No. 4,562,894 for the MONEY TO BLOW and Hair Dryer Design Mark entitles it to a presumption of ownership, validity and exclusive rights to use the MONEY TO BLOW and Hair Dryer Design Mark in connection with the services named in the registration.

206.    Plaintiff Drybar has obtained common law trademark rights for the MONEY TO BLOW and Hair Dryer Design Mark as used in connection with gift cards and its hair styling products and services.

207.    As a result of the longstanding continuing use of the MONEY TO BLOW and Hair Dryer Design Mark by Plaintiff to identify its goods and services, the MONEY TO BLOW and Hair Dryer Design Mark has come to symbolize the high quality of hair styling services to the consuming public.

208.    Plaintiff Drybar has maintained, and continues to maintain, the highest standards of quality in hair styling products and services marketed and sold in connection with the MONEY TO BLOW and Hair Dryer Design Mark.

209.    Defendant has used and is using a copy, variation, simulation or colorable imitation of the MONEY TO BLOW and Hair Dryer Design Mark in connection with the offering of hair styling products and services with full knowledge of the long and extensive prior use of the MONEY TO BLOW and Hair Dryer Design Mark by Plaintiff Drybar.   Exhibit "3," Exhibit "6" and Exhibit "11" are examples of Defendant's unauthorized use of Plaintiff's MONEY TO BLOW and Hair Dryer Design Mark in connection with hair styling products and services.

210.    Defendant's use of a copy, variation, reproduction, simulation or colorable imitation of Plaintiff's registered mark infringes on Drybar's rights in its federally registered trademark, is likely to cause confusion, mistake, or deception, and constitutes trademark infringement in violation of Lanham Act, 15 U.S.C. § 1114(1).

211.   Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

212.   Plaintiff Drybar has no adequate remedy at law.

## COUNT XXI
### Violation of Lanham Act, 15 U.S.C. § 1125(a); (Unfair Competition, False Designation of Origin, False Description and False Representation) MONEY TO BLOW and Hair Dryer Design Mark

213.   Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-212, inclusive of this Complaint.

214.   Defendant has used and is using a copy, variation, simulation or colorable imitation of the MONEY TO BLOW and Hair Dryer Design Mark in connection with Defendant's offering and sale of products and services with full knowledge of the long and extensive prior use of the MONEY TO BLOW and Hair Dryer Design Mark by Drybar or its predecessors in interest.

215.   Defendant's actions constitute a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

216.   Defendant's acts are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

217.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

218.    Plaintiff Drybar has no adequate remedy at law.

## COUNT XXII
## Common Law Trademark Infringement

219.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-218, inclusive of this Complaint.

220.    Defendant's actions constitute trademark infringement under common law.

221.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

Plaintiff Drybar has no adequate remedy at law.

## COUNT XXIII
## Common Law Unfair Competition

222.    Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-221, inclusive of this Complaint.

223.    Defendant's actions constitute unfair competition, a false designation of origin, a false description of Drybar's services, and a false representation that Defendant's services are sponsored, endorsed, licensed, authorized by, affiliated with, or connected with Plaintiff Drybar.

224.    Defendant's acts constitute unfair competition.

225.    Defendant is causing immediate and irreparable injury to Drybar, and to its goodwill and reputation, and will continue to damage Drybar and to confuse the public as to source, sponsorship, or affiliation unless enjoined by this Court.

226.    Plaintiff Drybar has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Drybarprays that this Court enter judgment against Defendant as follows:

1.    That Defendant, its associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons in active concert, cooperation and/or participation with it, be enjoined from:

(a) engaging in any further acts of infringing Plaintiff's intellectual property, including business identity, copyrights, and trademarks as described herein;

(b) using any false designation of origin or false description, including the use of Plaintiff's marks, that can, or is likely to, lead the consuming public, or individual members thereof, to believe that any goods or services produced, advertised, promoted, marketed, provided, or sold by Defendant are in any manner associated or connected with Plaintiff, or are advertised, promoted, marketed, sold, licensed, sponsored, approved or authorized by Plaintiff; and

(c) unfairly competing with Plaintiff in any manner whatsoever.

2.    That Defendant be required to account to Plaintiff for Defendant's profits and the actual damages suffered by Plaintiff as a result of Defendant's acts or infringement, false designation of origin, unfair competition, and unfair and deceptive

trade practices, together with interest, and that Plaintiff's recovery be trebled, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

3.      That Defendant be compelled to pay Plaintiff's attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117).

4.      That Defendant be compelled to pay Plaintiff punitive damages.

5.      That Defendant account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement.

6.      That Plaintiff be awarded pre-judgment interest as allowed by law.

7.      That Plaintiff be awarded the costs of this action.

8.      That Plaintiff be granted such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims that may be tried by a jury.


Dated: April 10, 2015                    Respectfully submitted,

                                         RIDDLE PATENT LAW, LLC

                                         By:      s/Charles L. Riddle/
                                         Charles L. Riddle, Esq. (PA 89,255)
                                         434 Lackawanna Ave., Suite 200
                                         Scranton, PA 18503
                                         (570) 344-4439 p.
                                         (570) 300-1606 f.
                                         charles@charleslriddle.com
                                         *Counsel for Plaintiff Drybar Holdings, LLC*